IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN SCOTT COOPER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 23-140-J ) |
| MARTIN O'MALLEY,[1] *Commissioner of Social Security*, | ) ) ) ) |
| Defendant. | ) |

**O R D E R**

AND NOW, this 13th day of September, 2024, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 14) filed in the above-captioned matter on November 22 2023,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 9) filed in the above-captioned matter on September 22, 2023,

IT IS HEREBY ORDERED that said Motion is GRANTED IN PART and DENIED IN PART. Specifically, Plaintiff's Motion is granted to the extent that it seeks a remand to the Commissioner of Social Security ("Commissioner") for further evaluation as set forth below and denied in all other respects. Accordingly, this matter is hereby remanded to the Commissioner for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

**I.    Background**

Plaintiff Justin Scott Cooper protectively filed a claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, effective November 16,

---

[1] Martin O'Malley is substituted as the defendant in this matter, replacing former Acting Commissioner Kilolo Kijakazi pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g).

1

2020, claiming that he became disabled on December 1, 2018 (later amended to October 5, 2020) due to a plethora of symptoms, including post-traumatic stress disorder ("PTSD") and traumatic brain injury ("TBI"). (R. 398-404, 424, 484). After being denied initially on March 3, 2021, and upon reconsideration on May 28, 2021, Plaintiff sought, and obtained, a telephonic hearing before an Administrative Law Judge ("ALJ") on November 3, 2021. (R. 153, 190-97, 199-210, 66-112). After that ALJ retired, a second hearing was held on May 17, 2022, before the ALJ currently assigned to the case. (R. 41-65). In a decision dated June 8, 2022, that ALJ denied Plaintiff's request for benefits. (R. 153-70).

Plaintiff appealed, and on September 6, 2022, the Appeals Council vacated the ALJ's decision and remanded the matter back to the ALJ to reconsider Plaintiff's residual functional capacity in light of the opinion of Lauren Flowers, Psy.D., that Plaintiff would be absent from work about three days per month. (R. 180-84). Upon remand, a telephonic hearing was apparently held on December 12, 2022. (R. 17, 355-59, 380-85).[2] On February 2, 2023, the ALJ again issued a decision denying Plaintiff's claim for benefits. (R. 17-33). This time, the Appeals Council declined review on April 27, 2023. (R. 1-3). Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

II.     **Standard of Review**

Judicial review of a social security case is based upon the pleadings and the transcript of the record, and the scope of that review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. *See* 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001) (noting that "'[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive'"

---

[2]     No transcript of any such hearing appears in the administrative record.

(quoting § 405(g)); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues, and reviews the ALJ's findings of fact to determine whether they are supported by substantial evidence). If the district court finds this to be so, it must uphold the Commissioner's final decision. *See Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). The Court may not set aside a decision that is supported by substantial evidence "even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing § 405(g)); *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986)).

"Substantial evidence" is defined as "more than a mere scintilla." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999) (quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*; *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). However, a "'single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (quoting *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). "'Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians) – or if it really constitutes not evidence but mere conclusion.'" *Id.* So as to facilitate the district court's review, an ALJ's findings must "be accompanied by a clear and satisfactory explication of the basis on which [they] rest[]." *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981). Decisions that are conclusory in their findings or indicate the ALJ's failure to consider all the evidence are not supported by substantial evidence. *See id.* at 705-06. Moreover, the Court must ensure the ALJ did not "reject evidence for no reason or for the wrong reason." *Id.* at 706 (citing *King v. Califano*, 615 F.2d 1018 (4th Cir. 1980)).

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period. *See Fargnoli v. Massanari*, 247 F.3d 34, 38-39 (3d Cir. 2001). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'" *Id.* at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration has promulgated regulations incorporating a five-step sequential evaluation process in guiding ALJs in determining whether a claimant is under a disability as defined by the Act. *See* 20 C.F.R. § 404.1520. At Step One, the ALJ must determine whether the claimant is currently engaging in substantial gainful activity. *See id.* at § 404.1520(a)(4)(i). If so, the disability claim will be denied. *See Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. *See* 20 C.F.R. § 404.1520(a)(4)(ii). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." *Id.* at § 404.1522. If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have a severe impairment, however, the ALJ must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. *See id.* at § 404.1520(a)(4)(iii). If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

In considering these steps, the ALJ must formulate the claimant's residual functional capacity ("RFC"). A claimant's RFC is defined as the most that an individual is still able to do despite the limitations caused by his or her impairments. *See Fargnoli*, 247 F.3d at 40; 20 C.F.R. § 404.1545(a). At Step Four, it is the claimant's burden of demonstrating an inability to perform his or her past relevant work. *See Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994). If the ALJ determines that the claimant lacks the RFC to resume his or her former occupation, the evaluation then moves to the fifth and final step. *See* 20 C.F.R. § 404.1520(a)(4)(iv).

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. *See id.* at § 404.1520(a)(4)(v). In making this determination, the ALJ must consider the claimant's RFC, age, education, and past work experience. *See id.* The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled. *See id.* at § 404.1523.

## III.   The ALJ's Decision

In her February 2, 2023 decision, the ALJ found that Plaintiff met the insured requirements of the Act through September 30, 2025. (R. 20). She then proceeded to apply the sequential evaluation process, finding that Plaintiff had not been engaged in substantial gainful activity since the amended alleged onset date of October 5, 2020. (*Id.*). The ALJ also found that Plaintiff met the second requirement of the process insofar as he had several severe impairments, including PTSD and TBI, although she found that some of Plaintiff's alleged impairments, specifically left torn meniscus, right ACL impairment, hyperlipidemia, obesity, vitamin D deficiency, migraines, right nasal septal deviation, and alcohol abuse, did not qualify as severe

impairments. (R. 20-22). The ALJ concluded that none of Plaintiff's impairments met any of the listings that would satisfy Step Three. (R. 22-24).

The ALJ found that Plaintiff retained the RFC to perform medium work with a number of non-exertional limitations, which did not include a limitation to work allowing for any specific number of absences. (R. 24). In so finding, she found the opinion of Lauren Flowers, Psy.D., that Plaintiff would be absent three days per month to be unpersuasive. (R. 30). At Step Four of the process, the ALJ used a vocational expert ("VE") to find that Plaintiff was unable to perform his past relevant work. (R. 31). She proceeded to determine, at Step Five, whether there were jobs in the national economy that Plaintiff could perform. (R. 31-32). The VE apparently testified that, based on Plaintiff's age, education, work experience, and RFC, Plaintiff could perform a significant number of jobs in the national economy, including the representative occupations of warehouse worker, hospital cleaner, dietary aide, price marker, office helper, housekeeper, addressing clerk, document preparer, and weigh tester. (R. 32). Accordingly, the ALJ found that Plaintiff was not disabled. (R. 32-33).

## IV.     Legal Analysis

Plaintiff argues that the ALJ erred in evaluating the portion of Dr. Flowers' opinions regarding work absences by failing to properly explain how and why this opinion was unsupported and inconsistent with the record. The Court agrees and will remand this case for further consideration of this issue.

Dr. Flowers, Plaintiff's psychologist, issued fairly comprehensive opinions regarding Plaintiff's functional capacity dated October 8, 2021 (R. 1073-88) and March 30, 2022 (R. 1101-10). In both opinions, among numerous other findings, Dr. Flowers stated that Plaintiff would need to be absent three days per month due to impairments and treatment. (R. 1082, 1108). In

the latter opinion, she also stated that Plaintiff would be off task 20 percent of the time. (R. 1108). In her first decision dated June 8, 2022, the ALJ found Dr. Flowers' opinion to be persuasive, adopted many of the findings contained therein, but failed to address Dr. Flowers' opinion regarding absences or off-task time. (R. 166-67). The Appeals Council recognized this oversight and remanded the case for reconsideration of the issue. On remand, the ALJ once again found much of Dr. Flowers' opinions to be persuasive but found her opinion regarding work absences not to be. (R. 30). Although on the surface this would appear to have addressed the Appeals Council's concerns, the nature of the ALJ's discussion demonstrates otherwise.

 As noted, Dr. Flowers was Plaintiff's psychologist, providing mental health treatment and specifically treatment for PTSD and TBI. (R. 1081, 1107). Both of her opinions were clearly based on this care and plainly addressed Plaintiff's mental impairments in evaluating his functional capacity. Indeed, in finding Dr. Flowers' opinions to be persuasive in the main, the ALJ discussed her findings and treatment regarding Plaintiff's mental health and the supportability of those findings, as well as their consistency with the record. In regard to the part of Dr. Flowers' opinions regarding absences, however, the ALJ discussed the opinion within the context of Plaintiff's physical impairments – for which Dr. Flowers provided no treatment. For instance, she found the opinion that Plaintiff would be absent three days a month to be inconsistent with Plaintiff's improved pain and sleep management based on his use of a TENS unite, physical therapy and steroid injections. She also cited Plaintiff's gait, station, and muscle tone, as well as his ability to perform activities of daily living largely physical in nature. (R. 30). Other than passing mention to Plaintiff's back and knee pain as exacerbating factors, though (R. 1082, 1108), no part of Dr. Flowers' opinions discussed or relied upon Plaintiff's physical

impairments or pain.  The ALJ's analysis, therefore, did not address the supportability and consistency of the actual basis for these opinions.

Granted, Dr. Flowers provided little by way of explanation specifically as to why she opined as she did regarding Plaintiff's absences and off-task time.  Moreover, this Court, as do other courts, questions whether, in the absence of a more detailed explanation, opinions as to how many days of work a claimant will miss, such as those offered here, truly constitute medical opinions.  *See, e.g., Rush v. Comm'r of Soc. Sec.*, No. CV 18-10612, 2018 WL 6175374, at *3 (E.D. Mich. Oct. 5, 2018); *Long v. Berryhill*, No. 1:16-CV-485-CHS, 2018 WL 1162621, at *5 (E.D. Tenn. Mar. 5, 2018); *Stojic v. Comm'r of Soc. Sec.*, No. 1:14-CV-1133, 2015 WL 9238986, at *4 (W.D. Mich. Dec. 17, 2015) (stating that "predictions of how often Plaintiff would likely be off task and miss work were conjecture, not a medical opinion").  Nonetheless, the ALJ's analysis of this issue still must be accurate; she must "give some indication of the evidence which [she] rejects and [her] reason(s) for discounting such evidence." *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000) (citing *Plummer*, 186 F.3d at 429).   As noted above, she cannot reject evidence for "no reason or the wrong reason." *Cotter*, 642 F.2d at 706; *Plummer*, 186 F.3d at 429.  Remand is therefore appropriate, as the reasons given by the ALJ for finding the relevant parts of Dr. Flowers' opinions unpersuasive did not address the actual supportability or consistency of the basis for the opinions given by Dr. Flowers.

This is especially true given that the Appeals Council highlighted this issue in remanding the case back to the ALJ in the first place.[3]  Moreover, the ALJ specifically found PTSD and TBI

---

[3]     Although ALJs are required to comply with Appeals Council orders, *see* 20 C.F.R. § 404.977(b), courts disagree as to whether district courts are authorized to review an ALJ's decision to ensure such compliance.  *Compare Mor v. Kijakazi*, No. CV 21-1730 (JMV), 2022 WL 73510, at *5 (D.N.J. Jan. 7, 2022) (noting that some courts have found this compliance issue to be outside the scope of reviewing authority in Section 405(g) of the Act), *with Lok v. Barnhart*, No. CIV. A. 04-3528, 2005 WL 2323229, at *7 (E.D. Pa. Sept. 19, 2005), *and Noreja*

to be severe impairments and therefore should have addressed Dr. Flowers' treatment of these conditions in analyzing her opinions. By no means is the Court suggesting that the ALJ was obligated to adopt Dr. Flowers' opinions regarding Plaintiff's need for absences and off-task time. But whatever persuasiveness the ALJ decides to afford these opinions, her reasons for doing so must fairly address the basis of the opinions. Accordingly, remand is necessary.[4]

## V. Conclusion

In short, the record does not permit the Court to determine whether the ALJ's decision is supported by substantial evidence, and, accordingly, the Court finds that substantial evidence does not support the ALJ's decision in this case. The Court hereby remands the case to the Commissioner for reconsideration consistent with this Order.

s/Alan N. Bloch
United States District Judge

ecf:    Counsel of record

---

*v. Comm'r, SSA*, 952 F.3d 1172, 1180 (10th Cir. 2020) ("As part of our review of a final decision under § 405(g), we may consider whether the ALJ complied with any legal requirements imposed by the Appeals Council upon remand."). However, the Court need not resolve this debate here because, in any event, the ALJ's consideration of Dr. Flowers' opinions regarding work absences was insufficient whether or not it complied with the Appeals Council's order.

[4]    Because it is the need for additional explanation by the ALJ that necessitates a remand in this case, the record does not permit the Court to reverse and remand the case for an award of benefits. *See Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984). Indeed, the Court emphasizes that it is not in any way finding that the ALJ's findings are incapable of being found to have adequate record support.